SCHOTT, Chief Judge,
concurring:
*985 Plaintiff’s claim is for expenses he incurred for treatment of an ulcerated burn site in late 1987. Defendant denied the claim because it considered it to be the result of a pre-existing condition. Plaintiff had suffered the initial burn injury in 1959. In February, 1983 he received treatment from his family physician for a sore on the burn site. He applied for the insurance in August, 1986. On the application he answered “No” to the question of whether he had any medical or surgical advice or treatment in the past. The policy defines preexisting condition to mean a condition for which medical advice or treatment was received within five years previous to the effective date of the policy. Thus, the policy arguably excluded plaintiffs present claim. However, defendant was precluded from urging this defense as a penalty for its failure to produce Dr. Moehlman in New Orleans for his deposition.
The trial court’s refusal to quash the deposition of Dr. Moehlman is amply supported by the record. C.C.P. art. 1442 provides for the deposition of an organization. It provides, in part, as follows: “The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify.” Dr. Moehlman, in his capacity as Medical Director of Western Insurance Companies, the defendant, authored a letter to Steve Stokes, also of the defendant, opining that plaintiff’s present condition was a consequence of a pre-exist-ing injury. Dr. Moehlman states his belief that “this claim is deniable on the basis of pre-existence.” When plaintiff sought to depose Moehlman in New Orleans on the issue of pre-existence, he was met with the claim that Moehlman was not employed by defendant. Thus, defendant seeks to use the opinion of Moehlman to deny plaintiff’s claim, while simultaneously asserting that Moehlman is outside the subpoena power of the Louisiana courts. The trial court did not err in finding that Dr. Moehlman should be deposed pursuant to C.C.P. art. 1442.
C.C.P. art. 1471(2) provides the trial court with the discretion to refuse to allow a party who disobeys discovery orders to support designated defenses. The question here is whether defendant has demonstrated an abuse of that discretion by the trial court. The record does not support defendant’s position. In his letter of March 17, 1988 Dr. Moehlman refers to himself as defendant’s “Medical Director”. This surely creates a presumption that Moehlman is defendant’s employee or agent whose presence in New Orleans can be produced by defendant. The mere assertion by defendant’s counsel that he is an independent family practitioner does not rebut the presumption. Furthermore, in the disposition of appellant’s writ application on February 22, 1989, another panel of this court noted that the trial judge conducted a hearing on this issue and concluded that Moehlman should be deposed in Louisiana pursuant to C.C.P. art. 1442. While the record of this hearing is not a part of the appellate record before us we must assume that it supported the conclusion reached by our colleagues.
Defendant further contends that the trial court erred in quashing its deposition of Dr. Moehlman in Texas. Plaintiff claims that in quashing Moehlman’s deposition, the trial judge took notice that the discovery cut off date was February 1, 1989, and he acknowledged that the plaintiff was previously denied access to the information which is now being sought by defendant. The trial judge did not abuse his discretion as “[t]he trial judge, of necessity, must be vested with a great deal of discretion in limiting the right of parties to take discovery depositions.” Brewer v. Loewer, 383 So.2d 1325, 1327 (La.App. 3d Cir.1980).